# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARCOS D. DOGLIO and RAMON S. POLANCO,<br><br>On behalf of themselves and all other similarly situated persons,<br><br>Plaintiffs,<br><br>v.<br><br>BOASSO AMERICA CORPORATION,<br><br>Defendant. | Civil Action No.: 2:18-cv-13448-KM-MAH<br><br><br><br><br><br>**FIRST AMENDED CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |

## INTRODUCTION

1.      Plaintiffs Marcos D. Doglio and Roman S. Polanco (hereinafter "Plaintiffs"), on behalf of themselves and all other similarly situated persons, bring this putative class action lawsuit against Defendant Boasso America Corporation ("BAC"), alleging that they and the putative class were misclassified as an independent contractors by Defendant BAC and seek to recover damages for underpaid wages and unpaid overtime wages in violation of the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to -56a38 (the "NJWHL"), as well as for the taking of unlawful deductions from their compensation in violation of the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL").

## JURISDICTION AND VENUE

2.      Jurisdiction is proper under 28 U.S.C. § 1332(a) because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there exists complete diversity of citizenship between the parties.

3. Venue is generally proper under 28 U.S.C. § 1391(b)(3) because Defendant BAC removed this action from the Superior Court of New Jersey, Middlesex County Law Division, Civil Part, on August 31, 2018, to this specific venue.

**PARTIES**

4. Plaintiff Marcos D. Doglio ("Doglio") resides in the Borough of Carteret in the County of Middlesex in the State of New Jersey and was employed by Defendant BAC from approximately March 14, 2016 continuing through to the present.

5. Plaintiff Roman S. Polanco ("Polanco") resides in the City of Newark in the County of Essex in the State of New Jersey and was employed by Defendant BAC from approximately September 1, 2016 through October 15, 2018.

6. Defendant BAC is a for-profit corporation, organized and existing under the laws of the State of Louisiana, with its corporate headquarters located at 100 Intermodal Drive, Chalmette, Louisiana 70043.

7. Defendant BAC is in the business of transporting various products, including but not limited to bulk liquid chemical, petroleum products, freight and other commodities (collectively referred to hereinafter as the "BAC Cargo").

8. Defendant BAC operates in the State of New Jersey out of a terminal/facility/depot located at 80 Doremus Avenue, Newark, New Jersey 07105 (referred to hereinafter as the "BAC N.J. Terminal").

9. Plaintiffs work/ed as truck drivers for Defendant BAC transporting BAC Cargo out of the BAC N.J. Terminal.

10. Defendant BAC was at all relevant times herein an "employer" of Plaintiffs and certain other similarly situated employees, as defined by the NJWHL and NJWPL.

11. The putative class of similarly situated Plaintiffs is defined herein as:

> All individuals that worked as truck drivers for Defendant BAC transporting BAC Cargo out of the BAC N.J. Terminal from July 27, 2012 through to the present for purposes of the NJWPL claims and from July 27, 2016 through to the present for purposes of the NJWHL claims. (Hereinafter the "Putative Class Members").

## SPECIFIC ALLEGATIONS

12. Plaintiffs and all of the Putative Class Members were assigned to perform overtime non-exempt tasks for Defendant BAC out of the BAC N.J. Terminal.

13. Specifically, Plaintiffs and all of the Putative Class Members worked as truck drivers transporting BAC Cargo for Defendant BAC out of the BAC N.J. Terminal.

14. Plaintiffs and all of the Putative Class Members were/are not overtime exempt employees under the NJWHL.

15. Plaintiffs and the Putative Class Members were/are not independent contractors as defined by N.J.S.A. 43:21-19(i)(6)(A)(B)(C), pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015), for purposes of the NJWHL and/or NJWPL.

16. Plaintiffs and the Putative Class Members were purposefully misclassified as independent contractors by Defendant BAC to conceal the fact that there existed an employer-employee relationship between Defendant BAC and the Putative Class Members.

17. Defendant BAC exercised significant control both directly over Plaintiffs and the Putative Class Members as well as the ability of Plaintiffs and the Putative Class Members to complete their work of delivering BAC Cargo for Defendant BAC. This control included, but was not limited to, BAC dispatchers providing Plaintiffs and the Putative Class Members with the daily work they were required to perform (i.e. providing delivery manifests, bills of lading, etc.); determining what time they had to arrive at the BAC N.J. Terminal; determining what time they had to arrive at delivery/customer locations; requiring that the Plaintiffs and the Putative Class

Members' trucks were stored at the BAC N.J. Terminal; requiring that the Plaintiffs and the Putative Class Members' trucks had BAC insignia on them; requiring that the Plaintiffs and the Putative Class Members' wore BAC uniforms; requiring that the Plaintiffs and the Putative Class Members had to use BAC chasses and containers to perform their work; requiring that the Plaintiffs and the Putative Class Members had to return to the BAC N.J. Terminal at the end of each workday; requiring that the Plaintiffs and the Putative Class Members electronically log into tablets owned and operated by BAC; and maintaining the ability to terminate the services and work provided by Plaintiffs and the Putative Class Members at BAC's discretion.

18. The work performed by Plaintiffs and the Putative Class Members, i.e. driving trucks to transport BAC Cargo, was performed within the usual course of Defendant BAC's business, which was to transport BAC Cargo.

19. The work performed by Plaintiffs and the Putative Class Members was performed within BAC's places of business, including the BAC N.J. Terminal and BAC's Cargo routes.

20. The Plaintiffs and the Putative Class Members do not work in an independently established trade, occupation, profession, or business.

21. The Plaintiffs and the Putative Class Members do not have their own clientele and rely/relied exclusively upon Defendant BAC for work.

22. The Plaintiffs and the Putative Class Members routinely work far in excess of forty (40) hours per week for Defendant BAC, usually between sixty (60) to seventy (70) hours per week, sometimes more, and were/are not paid the appropriate or lawful overtime rate under the NJWHL when they worked over forty (40) hours per week.

23. Instead, Defendant BAC paid/pays the Plaintiffs and the Putative Class Members on a flat, task and/or piecework rate basis, regardless of the amount of time they actually work, which is calculated as percentage of the route rate paid by Defendant BAC's customers.

24. Defendant BAC's ongoing illegal policy of failing to pay Plaintiffs and the Putative Class Members for time worked has resulted in Plaintiffs and the Putative Class Members being denied substantial legally required compensation and/or overtime payments given that the Plaintiffs and the Putative Class Members routinely worked/work in excess of forty (40) hours per week.

25. Defendant BAC also took/takes unlawful deductions from Plaintiffs and the Putative Class Members' pay in violation of the NJWPL.

26. For example, Defendant BAC requires Plaintiffs and the Putative Class Members to pay for, and/or directly deducts from their compensation, amongst other items: maintenance of their trucks; product disposal fees; equipment rental fees; fuel; tires; scale fees; bridge overweight fines; base plates; license taxes; use taxes; fuel taxes and surcharges; tolls for the use of highways and bridges; ferry charges; weight taxes; ad valorem taxes; revenue tags; motor vehicle fines; vehicle parking; vehicle storage at the BAC N.J. Terminal; BAC uniforms; BAC uniform cleaning fees; motor vehicle liability insurance; workers' compensation insurance; damages to BAC equipment; damage to BAC Cargo; a terminal key box fee; BAC advances; and/or third-party claims (collectively the "Deductions").

27. Defendant BAC's unlawful deductions from the Plaintiffs and Putative Class Members' pay, by way of charging them for the Deductions, denied/denies them compensation to which they were/are legally entitled to receive.

## **CLASS ACTION ALLEGATIONS**

28. This action is brought and may properly proceed as a class action, pursuant to R. 4:32 of the Rules Governing the Courts of the State of New Jersey.

29. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

30. There are questions of law and fact common to all members of the Putative Class that predominate over questions affecting only individuals. These common questions include:

   a. Whether the Putative Class Members were misclassified as independent contractors for purposes of the NJWHL and the NJWPL pursuant to Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015);

   b. Whether the Putative Class Members routinely worked in excess of forty (40) hours per week;

   c. Whether the Putative Class Members were paid solely on a flat, task and/or piecework basis regardless of the amount of time work;

   d. Whether the conduct alleged in Paragraphs 30(b) and (c), above, violates the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 56a38;

   e. Whether Defendant BAC required the Putative Class Members to pay for the Deductions listed above and/or directly deducted the cost of said Deductions from their compensation; and

   f. Whether the conduct alleged in Paragraph 30(e), above, violates the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14.

31. Messrs. Doglio and Polanco do not have interests antagonistic to those of the Putative Class Members. Messrs. Doglio and Polanco's claims are typical of the claims of the Putative Class Members.

32. Messrs. Doglio and Polanco will fairly and adequately protect the interests of the Putative Class Members and has retained competent counsel experienced in this type of matter, specifically class action litigation and independent contractor misclassification in particular.

33. Common questions of law and fact predominate over any questions that only affect individual class members.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy and will cause an orderly and expeditious administration of the Putative Class Members' claims.

35. The prosecution of separate actions by individual members of the Putative Class would run the risk of inconsistent or varying adjudications. Prosecution as a class action will also eliminate the possibility of repetitious litigation.

## COUNT ONE

### (VIOLATION OF THE NEW JERSEY WAGE AND HOUR LAW)

36. Plaintiffs reassert Paragraphs 1-35 as if set forth at length herein.

37. Defendant BAC is subject to the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 56a38 (the "NJWHL").

38. Defendant BAC's misclassification of the Plaintiffs and the Putative Class Members as independent contractors is contrary to the NJWHL and Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015).

39. Any agreement(s) entered into by and between Defendant BAC and the Plaintiffs and the Putative Class Members that provide otherwise are unlawful, null and void. See N.J.S.A. 34:11-56a25.

40. Defendant BAC's conduct against the Plaintiffs and the Putative Class Members violates the NJWHL by failing to compensate the Plaintiffs and the Putative Class Members for all hours worked and for not paying appropriate/lawful overtime when the Plaintiffs and the Putative Class Members worked over forty (40) hours per week. See N.J.S.A. 34:11-56a4; N.J.A.C. 12:56-6.1 and/or N.J.A.C. 12:56-19.3.

41. As a result of Defendant BAC's conduct, the Plaintiffs and the Putative Class Members have endured significant economic damages.

## COUNT TWO

### (VIOLATION OF THE NEW JERSEY WAGE PAYMENT LAW)

42. Plaintiff reasserts Paragraphs 1-41 as if set forth at length herein.

43. Defendant BAC is subject to the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14 (the "NJWPL").

44. Defendant BAC's misclassification of the Plaintiffs and the Putative Class Members as independent contractors is contrary to the NJWPL and Hargrove v. Sleepy's, LLC, 220 N.J. 289 (2015).

45. Any agreement(s) entered into by and between Defendant BAC and the Plaintiffs and the Putative Class Members that provide otherwise are unlawful, null and void. See N.J.S.A. 34:11-4.7.

46. Defendant BAC's conduct against the Plaintiffs and the Putative Class Members violates the NJWPL by requiring the Plaintiffs the Putative Class Members to pay for the Deductions listed above and/or directly deducting the cost of said Deductions from their compensation. See N.J.S.A. 34:11-4.4; N.J.A.C. 12:55-2.1.

## DEMAND FOR JUDGMENT

**WHEREFORE,** Plaintiffs Marcos D. Doglio and Roman S. Polanco, on behalf of themselves and all other Putative Class Members, respectfully requests that the Court enter judgment in their favor and against Defendant Boasso America Corporation as follows:

a. Certify a class action pursuant Rule 4:32 of the Rules Governing the Courts of the State of New Jersey and appoint Plaintiff and his counsel to represent the class;

b. Declare and find that the Defendant misclassified the Plaintiffs and the Putative Class Members as independent contractors under N.J.S.A. 43:21-19(i)(6)(A)-(C);

c. Declare and find that the Defendant violated the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a to 56a38;

d. Declare and find that the Defendant violated the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1 to -33.6;

e. Award compensatory damages, including all unpaid wages and underpaid wages as well as all expenses owed, unlawful deductions taken and liquidated damages in an amount according to proof;

f. Award all costs, expenses and attorney's fees, with appropriate fee enhancement, incurred in prosecuting this claim;

g. Award pre-judgment and post-judgment interest at the highest rates allowed by law;

h. Injunctive relief in the form of an order directing Defendant to comply with New Jersey law; and

i. Such other relief as in law or equity may pertain.

## **DEMAND TO PRESERVE EVIDENCE**

**DEMAND IS HEREBY MADE** that Defendant preserve all physical and electronic information pertaining or relating in any way to: (a) Plaintiffs and the Putative Class Members' employment; (b) their claims under the New Jersey Wage and Hour Law and New Jersey Wage Payment Law; (c) any and all defenses thereto; and (d) pertaining or relating to any electronic data storage, digital images, computer images, cache memory, searchable data, emails, spreadsheets, employment files, memos, text messages and any and all online social or work related websites, entries on social networking sites (including, but not limited to, Facebook, Twitter, Myspace, LinkedIn, etc.) and any other information and/or data and/or things and/or documents which may pertain to any claim or defense concerning this First Amended Class Action Complaint and Jury Trial Demand pleading. Failure to do so may result in separate claims for spoliation of evidence and/or for appropriate adverse inferences.

## **JURY TRIAL DEMANDED**

Plaintiffs demand a jury trial as to all issues so triable.

Date: March 20, 2019         Respectfully submitted,
Princeton, New Jersey

By: **/s/ *Anthony Almeida***
**THE SATTIRAJU LAW FIRM, P.C.**
Anthony S. Almeida, Esq.
N.J. Bar Id. No. 024552005
Ravi Sattiraju, Esq.
116 Village Boulevard, Suite 200
Princeton, New Jersey 08540
Tel: (609) 365-9335
Fax: (609) 228-5649
Email: aalmeida@sattirajulawfirm.com

*Attorneys for Plaintiffs and all other similarly situated persons*.

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Anthony S. Almeida, Esq., counsel for Plaintiffs Marcos D. Doglio and Roman S. Polanco, on behalf of themselves and others similarly situated, certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration or administrative proceeding.

                                                By:**/s/ *Anthony Almeida***
                                                     **THE SATTIRAJU LAW FIRM, P.C.**
                                                     Anthony S. Almeida, Esq.
                                                     N.J. Bar Id. No. 024552005

Date:  March 20, 2019
       Princeton, New Jersey